UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERIC WATTERSON,                                                            Civil Action No.:
on behalf of himself and all others
similarly situated,

                                        Plaintiff,

                                                                          **COMPLAINT**

                 - against -                                              **FLSA COLLECTIVE**

                                                                          **CLASS ACTION**

RUI MANAGEMENT SERVICES, INC.
and EVAN REITER, individually,

                                        Defendants.
-------------------------------------------------------------------X

   Plaintiff Eric Watterson ("Watterson" or "Plaintiff"), by and through his attorneys, Jacob

Aronauer of The Law Offices of Jacob Aronauer and The Law Offices of Yale Pollack, P.C.,

complaining of RUI Management Services Inc. ("RUI") and Evan Reiter, individually ("Reiter")

(collectively "Defendants"), alleges the following:

<strong>NATURE OF THE ACTION</strong>

1.  This is a civil action brought by Plaintiff and all other similarly situated Debt Collectors

  (as hereinafter defined) to recover unpaid earned wages, minimum wages and overtime

  compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA") and

  New York Labor Law ("NYLL").  Plaintiff and similarly situated non-exempt workers

  work or have worked as phone operators to collect unpaid bills ("Debt Collectors") for RUI

  Management Services, Inc., a company owned and operated by Reiter.

2.  This class action is brought on behalf of all Debt Collectors who work or worked on behalf

  of Defendants to recover unpaid earned wages, minimum wages and overtime wages.

3.      Plaintiff further brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of minimum wage and overtime provisions of the FLSA by Defendants.

4.      Plaintiff, the FLSA Collective (as defined herein) and the Rule 23 Worker Class (as hereinafter defined) work or worked as Debt Collectors at RUI Management Services Inc., a debt collection company owned, controlled and operated by Reiter.

5.      In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday (as hereinafter defined) under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

6.      Plaintiff seeks to certify a class under Rule 23 on behalf of the Rule 23 Worker Class who were not paid lawfully for their earned wages, minimum wages, or overtime wages; nor were they  provided the required written notices under NYLL § 195 by Defendants.

7.      Plaintiff and the respective classes seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay earned wages, minimum wages and overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

### JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

9.      This Court has supplemental jurisdiction over the New York state law claims under the principles of supplement jurisdiction.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## PARTIES

### Plaintiff

11.     Plaintiff is and was at all times relevant hereto an adult individual residing in Suffolk County, New York.

12.     Plaintiff worked at Defendants from on or about February 2018 until on or about October 2018.

13.     Plaintiff was employed by Defendants as a Debt Collector.

14.     As a Debt Collector, Plaintiff called and responded to calls from debtors on behalf of RUI's clients.

15.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Defendant RUI Management Services, Inc.

16.     RUI is a debt collection business incorporated in the State of New York, located at 1305 Walt Whitman Rd., Melville, New York 11747 (the "Long Island Location").

17.     RUI has multiple locations across the United States in addition to their Long Island Location.

18.     Upon information and belief, RUI serves clients located throughout the country at all of their locations, including their Long Island Location.

19.     Upon information and belief, Reiter is the owner of RUI.

20.     Upon information and belief, RUI has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Evan Reiter**

21. Upon information and belief, Reiter maintains control, oversight and direction over RUI.

22. Reiter is a person engaged in business in Suffolk County who is sued individually in his capacity as an owner, officer and/or agent of RUI.

23. Reiter exercises sufficient control over RUI to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at RUI.

24. Reiter had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants at the Long Island Location since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately 200 similarly situated current and former Debt Collectors who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages and overtime wages.

27.   As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA.  This policy includes, *inter alia*, the following:

   i.   failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

   ii.   failing to pay employees the applicable minimum wage rate for all hours worked; and

   iii.   failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

28.   Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation.  Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

29.   The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action.  Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

30.   The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

31.   Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

32. Defendants failed to compensate Plaintiff and members of the FLSA Collective at the minimum wage rate for all hours worked.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

33. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## THE RULE 23 WORKER CLASS

34. **Proposed Class.**  The proposed class is comprised of all Debt Collectors who worked for Defendants at the Long Island Location at any time for six years prior to the filing of this Complaint (the "Rule 23 Worker Class").  These individuals did not receive pay for their earned wages for all of their hours worked, nor were they paid at the appropriate minimum wage rate and overtime rate for all of their hours worked.

35. In addition, the Rule 23 Worker Class were not provided proper notices under the New York Wage Theft Prevention Act.  Specifically, the Rule 23 Worker Class did not receive Notice and Acknowledgment of Pay Rate and Payday required under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

36. Excluded from the Rule 23 Worker Class are non-Debt Collectors, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the

Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Worker Class.

37.   **Ascertainability.**  The identity of the Rule 23 Worker Class is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.

38.   **Numerosity.**  The size of the class makes a class action both necessary and efficient.  The size of the class consists of approximately 300 employees.  Members of the class are ascertainable but so numerous that joinders is impracticable.

39.   **Common Questions of Law and Fact.**  This case poses common questions of law and fact affecting the rights of all class members, including:

   a)   the policies, practices, programs, procedures, protocols, and plans of Defendants regarding regular and overtime compensation;

   b)   whether Defendants are joint employers of Plaintiff and similarly situated employees; and

   c)   what relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

40.   **Typicality.**  The claims of the individual Plaintiff are typical of the claims of the class as a whole.  RUI's unlawful policies are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

41.   **Adequacy of Class Representation.**  The individual Plaintiff can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

42.   **Propriety of Class Action Mechanism.**  Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a

whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this amended complaint.

43.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## **FACTS**

**Plaintiff Eric Watterson's Employment with Defendants**

44.    Plaintiff worked as a Debt Collector for Defendants from on or about February 2018 through on or about October 2018.

45.    Plaintiff's job duties primarily included calling and receiving calls from debtors.

46.    Throughout his employment with Defendants, Plaintiff was scheduled to work at least 40 hours each week.

47.    Throughout his employment with Defendants, Plaintiff worked at least 5 days per week.

48.    Generally speaking, Plaintiff worked Monday through Friday.

49.    Plaintiff was usually scheduled to work from 11:53 a.m. to 9:00 p.m.

50.    Plaintiff often also worked Saturdays and Sundays.

51.    While Plaintiff's schedule sometimes varied, he was always assigned 9 hour and 7-minute shifts.

52.    Throughout his employment with Defendants, Plaintiff received 1 one-hour break per shift.

53.     Plaintiff, the FLSA Collective, and the Rule 23 Worker Class were required to arrive and clock in at least 7 minutes in advance of the start of their "official" shifts.

54.     Plaintiff, the FLSA Collective and the Rule 23 Worker Class were required to arrive early for every shift so they could start their computers, log in and ready their systems.

55.     Defendants required Plaintiff, the FLSA Collective and the Rule 23 Worker Class to start their shifts early so that they could begin making and receiving phone calls immediately at the start of their "official" scheduled shift.

56.     Plaintiff the FLSA Collective and the Rule 23 Worker Class were told that if they did not arrive and clock in at least 7 minutes early, they could experience serious disciplinary consequences, including termination.

57.     Defendants posted a sign next to where employees clocked in and clocked out warning their employees that they must sign in 7 minutes early to every shift to perform these required tasks.

58.     Since Defendants rounded their employees' hours to the nearest 15-minute increment, Plaintiff, the FLSA Collective and the Rule 23 Worker Class were all deprived of time actually worked, because they would only get credit for working to the nearest quarter of an hour.

59.     The work performed by Plaintiff, the FLSA Collective and the Rule 23 Worker Class was an integral part of and indispensable to the activities for which they were principally employed by Defendants.

60.     Defendants recorded their employees' sign in and sign out times, which were included with their employees' pay stubs.

61.    However, Defendants intentionally never compensated Plaintiff, the FLSA Collective and the Rule 23 Worker Class for these required extra 7 minutes of work per shift.

62.    It was to Defendants' benefit to require Plaintiff, the FLSA Collective and the Rule 23 Worker Class to work these additional 7 minutes without pay.

63.    For example, from  May 29 through June 1, 2019, Plaintiff—as he was required—clocked in at 11:53 a.m.

64.    Defendants, though, only credited Plaintiff for work from 12 pm onward based on the rounding system in place by Defendants.

65.    Examples of Plaintiff's paystubs and time sheets are attached as Exhibit A.

66.    As is reflected on Plaintiff's timesheets, Plaintiff clocked in early for every shift that Plaintiff worked for RUI.

67.    Plaintiff was always paid by check by Defendants.

68.    Although Plaintiff's checks included his time sheets with his exact clock in and clock out times, Plaintiff's checks did not include pay for all of the time he worked each week.

**Defendants' Violations of the Wage Theft Protection Act**

69.    The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

70.    Throughout the relevant time period, Defendants paid Plaintiff and the Rule 23 Worker Class's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

71.   Plaintiff and the Rule 23 Worker Class were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff and the Rule 23 Worker Class)

72.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73.   At all relevant times, Plaintiff and the Rule 23 Worker Class were "employees" within the meaning of the New York Labor Law.

74.   At all relevant times, Defendants were "employers" within the meaning of the NYLL.

75.   Defendants failed to pay Plaintiff and the Rule 23 Worker Class their earned wages/gap time for the periods of time and in the manner as set forth above.

76.   Defendants' actions in failing to pay Plaintiff and the Rule 23 Worker Class their earned wages were willful and not based on any good faith belief of compliance with NYLL §663, *et seq*.

77.   As a result of the foregoing, Plaintiff and the Rule 23 Worker Class have been denied wages required under NYLL §§663 *et seq.*, and are entitled to an award of unpaid wages

in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### Fair Labor Standards Act-Minimum Wages
### <u>(On Behalf of Plaintiff and the FLSA Collective)</u>

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

80. At all times relevant, Plaintiff and the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §203.

81. At all relevant times, Defendants have employed employees, including Plaintiff and the FLSA Collective.

82. Defendants were required to pay directly to Plaintiff and the FLSA Collective the applicable federal minimum wage rate for all hours worked.

83. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

84. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

85. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

86.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

87.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. §201 *et seq*.

88.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §201 et seq.

**THIRD CAUSE OF ACTION**
**New York Labor Law—Gap and/or Minimum Wages**
<u>**(On Behalf of Plaintiff and the Rule 23 Worker Class)**</u>

89.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

91.     At all times relevant, Plaintiff and the Rule 23 Worker Class were employees of Defendants.

92.     Defendants were employers of Plaintiff and the Rule 23 Worker Class within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

93.     At all times relevant, Plaintiff and the Rule 23 Worker Class were covered by the NYLL.

94. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Rule 23 Worker Class.

95. Defendants failed to pay Plaintiff and the Rule 23 Worker Class the gap time and/or minimum hourly wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

96. Through their knowing or intentional failure to pay gap time and/or minimum hourly wages to Plaintiff and the Rule 23 Worker Class, Defendants have willfully violated the NYLL, Article 19, §650 *et seq.*, and the supporting New York State Department of Labor Regulations.

97. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Worker Class are entitled to recover from Defendants their unpaid gap time and/or minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the FLSA Collective)**

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

100. At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of forty (40) hours per

workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

101.    At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

102.    Defendants' decision not to pay overtime was willful.

103.    Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**Unpaid Overtime Wages Under New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Worker Class)**

104.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105.    At all times relevant to this action, Plaintiff and the Rule 23 Worker Class were employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

106.    Defendants failed to pay Plaintiff and the Rule 23 Worker Class the overtime premium of one and a half times the regular hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

107.    Defendants' failure to pay required overtime was willful.

108.    As a result of Defendants' NYLL violations, Plaintiff and the Rule 23 Worker Class are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as

well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(On Behalf of Plaintiff and the Non-Exempt Class)**

109. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

110. Defendants willfully failed to supply Plaintiff and the Non-Exempt Class with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

111. Through their knowing or intentional failure to provide Plaintiff and the Non-Exempt Class the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

112. Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiff and the Non-Exempt Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Non-Exempt Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SEVENTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(On Behalf of Plaintiff and the Non-Exempt Class)**

113.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114.   Defendants willfully failed to supply Plaintiff and the Non-Exempt Class with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

115.   Through their knowing or intentional failure to provide Plaintiff and the Non-Exempt Class with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

116.   Due to Defendants' willful violations of NYLL, Article 6, §195(3), Plaintiff and the Non-Exempt Class are entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff and the Non-Exempt Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**BCL § 630 NOTICE AND DEMAND**

117.   Pursuant to New York Business Corporation Law ("BCL") § 630, Plaintiff, the FLSA

Collective and the Worker Rule 23 Class hereby advise that they intend to hold RUI's top ten shareholders liable for the unpaid wages referenced herein.  Further, Plaintiff, the FLSA Collective and the Worker Rule 23 Class demand that RUI permit an examination of its record of shareholders under BCL § 624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants RUI Management Services Inc. and Evan Reiter, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid earned wages, minimum wages and overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the earned wages, minimum wages and overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Certification of the Rule 23 Worker Class;

(e) Designation of Plaintiff as class representative of the Rule 23 Class and counsel of record as Class Counsel;

(f) Damages for unpaid earned wages, minimum wages, and overtime due to Plaintiff and the Rule 23 Worker Class in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(g) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the Rule 23 Worker Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(h) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff and the Rule 23 Worker 23 Class members with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(i) For pre-judgment and post-judgment interest on the foregoing amounts;

(j) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(k) For such other further and different relief as this Court deems just and proper.

Dated:  April 13, 2020
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:      */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

**LAW OFFICES OF YALE POLLACK, P.C.**

By:  */s/ Yale Pollack* _____
     Yale Pollack, Esq.
     66 Split Rock Rd
     Syosset, NY 11791
     (516) 634-6340
     ypollack@yalepollacklaw.com

     *Attorneys for Plaintiff*

# EXHIBIT A

# Earnings Statement

R47  001258  000100      0000240101      1

12B-0001

*RUI MGT SERVICES  INC*
*1305  WALT  WHITMAN  RD*
*MELVILE,  NY  11747*

Period  Beginning:      05/26/2018
Period  Ending:          06/08/2018
Pay  Date:                  06/15/2018

Taxable  Marital  Status:      Single
Exemptions/Allowances:
Federal:          1
NY:                1

**ERIC  J  WATTERSON**
**82  SHIRLEY  COURT**
**COMMACK  NY  11725**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 16.0000 | 80.00 | 1,280.00 | 6,712.00 |
| Overtime | 24.0000 | 20.25 | 486.00 | 1,398.00 |
| Gross Pay | | | $1,766.00 | 8,110.00 |

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Max Elig/Comp | 1,766.00 | 8,110.00 |

**Important Notes**
800-356-7402

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -168.37 | 714.06 |
| | Social Security Tax | -109.49 | 502.82 |
| | Medicare Tax | -25.61 | 117.60 |
| | NY State Income Tax | -79.32 | 325.52 |
| | NY SUI/SDI Tax | -1.20 | 7.20 |
| | NY Paid Family Leave Ins | -2.23 | 10.22 |
| | Net Pay | $1,379.78 | |
| | Checking 1 | -1,379.78 | |
| | Net Check | $0.00 | |

Your federal taxable wages this period are
$1,766.00



RUI MGT SERVICES  INC
1305  WALT  WHITMAN  RD
MELVILE,  NY  11747

Advice number:          **00000240101**
Pay date:                    06/15/2018

| Deposited  to  the  account  of | account  number | transit  ABA | amount |
|---|---|---|---|
| ERIC  J  WATTERSON | xxxxxxxx5165 | xxxx  xxxx | $1,379.78 |

**NON-NEGOTIABLE**



      EW  **ERIC WATTERSON** ⌄

HOME      RESOURCES      MYSELF                    *Search*                        🔍

# My Timecard ❓ ▶️ ↗

**EW**  **Watterson, Eric J** ⊙

CSR - Customer Service Representative
Home Department : 000100 - General

| | |
|---|---|
| **Tax ID (SSN)** | **Position ID** |
| XXX-XX-0104 | R47001258 |

Range of Dates        ⌄   5/26/2018    6/8/2018       🔍 FIND

**Timecard**      **Totals**      **Schedule**      **Time Off Balances**

### WEEK 1

| | | IN - OUT | | PAY CODE | HOURS | DEPARTMENT | DAILY |
|---|---|---|---|---|---|---|---|
| **Sat** | 05/26 | 06:54 AM | - 11:05 AM | | 4.00 | 000100 | |
| | 05/26 | 11:55 AM | - 04:04 PM | | 4.00 | 000100 | |
| **Sun** | 05/27 | 09:44 AM | - 12:03 PM | | 2.25 | 000100 | |
| | 05/27 | 12:53 PM | - 06:01 PM | | 5.00 | 000100 | |
| **Mon** | 05/28 | | - | | 0.00 | | |
| **Tue** | 05/29 | 11:53 AM | - 04:02 PM | | 4.00 | 000100 | |
| | 05/29 | 04:54 PM | - 09:03 PM | | 4.00 | 000100 | |
| **Wed** | 05/30 | 11:53 AM | - 04:07 PM | | 4.00 | 000100 | |
| | 05/30 | 04:55 PM | - 09:02 PM | | 4.00 | 000100 | |
| **Thu** | 05/31 | 11:53 AM | - 04:00 PM | | 4.00 | 000100 | |
| | 05/31 | 04:58 PM | - 09:04 PM | | 4.00 | 000100 | |
| **Fri** | 06/01 | 11:53 AM | - 04:04 PM | | 4.00 | 000100 | |
| | 06/01 | 05:01 PM | - 09:04 PM | | 4.00 | 000100 | |

WEEK 1 TOTALS

### WEEK 2

| | | IN - OUT | | PAY CODE | HOURS | DEPARTMENT | DAILY |
|---|---|---|---|---|---|---|---|
| **Sat** | 06/02 | 07:53 AM | - 12:00 PM | | 4.00 | 000100 | |
| | 06/02 | 12:56 PM | - 04:04 PM | | 3.00 | 000100 | |
| **Sun** | 06/03 | 11:53 AM | - 06:01 PM | | 6.00 | 000100 | |
| **Mon** | 06/04 | 11:53 AM | - 04:07 PM | | 4.00 | 000100 | |
| | 06/04 | 05:00 PM | - 09:04 PM | | 4.00 | 000100 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Tue** | 06/05 | 11:53 AM | - | 04:00 PM | 4.00 | 000100 |
| | 06/05 | 04:58 PM | - | 09:01 PM | 4.00 | 000100 |
| **Wed** | 06/06 | 11:53 AM | - | 04:04 PM | 4.00 | 000100 |
| | 06/06 | 04:58 PM | - | 09:02 PM | 4.00 | 000100 |
| **Thu** | 06/07 | 11:53 AM | - | 04:01 PM | 4.00 | 000100 |
| | 06/07 | 04:58 PM | - | 09:03 PM | 4.00 | 000100 |
| **Fri** | 06/08 | 11:53 AM | - | 04:01 PM | 4.00 | 000100 |
| | 06/08 | 04:55 PM | - | 09:03 PM | 4.00 | 000100 |

**WEEK 2 TOTALS**

▸

**Pay Period** (100.25)      **Week 1** (47.25)      **Week 2** (53.00)

🖫 SAVE                REFRESH                                    PREFERENCES ✔   Legend

⬚ Privacy      Legal      ⬚ Requirements        Product Feedback      Copyright © 2018, ADP, LLC ALL RIGHTS RESERVED

R47   001258  000100          0000280099   1
136-0001

# Earnings Statement

ADP

RUI MGT SERVICES INC
1305 WALT WHITMAN RD
MELVILE, NY 11747

Period Beginning:     06/23/2018
Period Ending:        07/06/2018
Pay Date:             07/13/2018

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:        1
NY:             1

**ERIC J WATTERSON
82 SHIRLEY COURT
COMMACK NY 11725**

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 16.0000 | 67.25 | 1,076.00 | 9,068.00 |
| Holiday | 16.0000 | 8.00 | 128.00 | |
| Sick | 16.0000 | 16.00 | 256.00 | 256.00 |
| Overtime | | | | 2,160.00 |
| Incentive | | | | 50.00 |
| Other Salary | | | | 50.00 |
| **Gross Pay** | | | **$1,460.00** | 11,712.00 |

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Max Elig/Comp | 1,460.00 | 11,712.00 |

**Important Notes**
800-356-7402

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -128.71 | 1,091.41 |
| | Social Security Tax | -89.01 | 724.63 |
| | Medicare Tax | -20.82 | 169.47 |
| | NY State Income Tax | -58.40 | 487.04 |
| | NY SUI/SDI Tax | -1.20 | 9.60 |
| | NY Paid Family Leave Ins | -1.84 | 14.76 |
| | **Other** | | |
| | Dental | -24.45* | 24.45 |
| | **Net Pay** | **$1,135.57** | |
| | Checking 1 | -1,135.57 | |
| | **Net Check** | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,435.55

© 2000 ADP, LLC

RUI MGT SERVICES INC
1305 WALT WHITMAN RD
MELVILE, NY 11747

Advice number:      00000280099
Pay date:           07/13/2018



| Deposited to the account of | account number | transit ABA | amount |
|-----------------------------|----------------|-------------|--------|
| ERIC J WATTERSON | xxxxxxxx5165 | xxxx xxxx | $1,135.57 |

**NON-NEGOTIABLE**



      EW   ERIC WATTERSON ⌄

HOME    RESOURCES    MYSELF      *Search*    🔍

# My Timecard ❓ ▶️ ⤢

**EW**   **Watterson, Eric J** 

CSR - Customer Service Representative
Home Department : 000100 - General

Tax ID (SSN)
XXX-XX-0104

Position ID
R47001258

| Range of Dates ⌄ | 6/23/2018 📅 | 7/6/2018 📅 | 🔍 FIND |
|---|---|---|---|

**Timecard**    **Totals**    **Schedule**    **Time Off Balances**

| WEEK 1 | | IN - OUT | | PAY CODE | HOURS | DEPARTMENT | DAILY |
|---|---|---|---|---|---|---|---|
| Sat | 06/23 | 06:56 AM | - 11:01 AM | | 4.00 | 000100 | |
| | 06/23 | 12:00 PM | - 04:03 PM | | 4.00 | 000100 | |
| Sun | 06/24 | 09:45 AM | - 12:00 PM | | 2.25 | 000100 | |
| | 06/24 | 12:57 PM | - 06:03 PM | | 5.00 | 000100 | |
| Mon | 06/25 | 12:00 PM | - 09:00 PM | UNPAID | 9.00 | 000100 | |
| Tue | 06/26 | 01:00 PM | - 09:00 PM | SICK | 8.00 | 000100 | |
| Wed | 06/27 | 01:00 PM | - 09:00 PM | SICK | 8.00 | 000100 | |
| Thu | 06/28 | 11:53 AM | - 04:01 PM | | 4.00 | 000100 | |
| | 06/28 | 04:56 PM | - 09:03 PM | | 4.00 | 000100 | |
| Fri | 06/29 | 11:54 AM | - 04:02 PM | | 4.00 | 000100 | |
| | 06/29 | 04:57 PM | - 09:04 PM | | 4.00 | 000100 | |

WEEK 1 TOTALS

| WEEK 2 | | IN - OUT | | PAY CODE | HOURS | DEPARTMENT | DAILY |
|---|---|---|---|---|---|---|---|
| Sat | 06/30 | | - | | 0.00 | | |
| Sun | 07/01 | 09:53 AM | - 02:03 PM | | 4.00 | 000100 | |
| Mon | 07/02 | 11:53 AM | - 04:00 PM | | 4.00 | 000100 | |
| | 07/02 | 04:55 PM | - 09:03 PM | | 4.00 | 000100 | |
| Tue | 07/03 | 11:53 AM | - 04:02 PM | | 4.00 | 000100 | |
| | 07/03 | 04:56 PM | - 09:02 PM | | 4.00 | 000100 | |
| Wed | 07/04 | 01:00 PM | - 09:00 PM | HOLIDAY | 8.00 | 000100 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Thu** | 07/05 | 11:53 AM | - | 04:00 PM | 4.00 | 000100 |
| | 07/05 | 04:56 PM | - | 09:03 PM | 4.00 | 000100 |
| **Fri** | 07/06 | 11:53 AM | - | 04:02 PM | 4.00 | 000100 |
| | 07/06 | 05:00 PM | - | 09:05 PM | 4.00 | 000100 |
| | | | | | **WEEK 2 TOTALS** | |

▸

**Pay Period** (100.25)      **Week 1** (56.25)      **Week 2** (44.00)

🖫 SAVE            REFRESH                                  PREFERENCES  ⌄   Legend

⇗ Privacy      Legal      ⇗ Requirements        Product Feedback      About      Copyright © 2018, ADP, LLC ALL RIGHTS RESERVED

1305 WALT WHITMAN RD
MELVILE, NY 11747

Period Beginning:    07/21/2018
Period Ending:       08/03/2018
Pay Date:            08/10/2018

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:              1
NY:                   1

ERIC J WATTERSON
82 SHIRLEY COURT
COMMACK NY 11725

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 16.0000 | 80.00 | 1,280.00 | 11,500.00 |
| Overtime | 24.0000 | 11.00 | 264.00 | 2,424.00 |
| Incentive | | | 150.00 | 250.00 |
| Other Salary | | | | 100.00 |
| Sick | | | | 256.00 |
| **Gross Pay** | | | **$1,694.00** | 14,658.00 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Max Elig/Comp | 1,694.00 | 14,658.00 |

**Important Notes**
800-356-7402

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -156.79 | 1,351.95 |
| | Social Security Tax | -103.51 | 904.25 |
| | Medicare Tax | -24.21 | 211.48 |
| | NY State Income Tax | -73.21 | 605.48 |
| | NY SUI/SDI Tax | -1.20 | 12.00 |
| | NY Paid Family Leave Ins | -2.13 | 18.47 |
| | **Other** | | |
| | Dental | -24.45* | 73.35 |
| | **Net Pay** | **$1,308.50** | |
| | Checking 1 | -1,308.50 | |
| | **Net Check** | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,669.55

©2000 ADP, LLC

RUI MGT SERVICES INC
1305 WALT WHITMAN RD
MELVILE, NY 11747

Advice number:      00000320093
Pay date:           08/10/2018

Deposited  to the account  of
ERIC J WATTERSON

| | account number | transit ABA | amount |
|---|---|---|---|
| | xxxxxxxx5165 | xxxx xxxx | $1,308.50 |

THIS IS NOT A CHECK

NON-NEGOTIABLE

ADP



✉ **1**   📅 **18**   ❓   ↪   **EW**   ERIC WATTERSON ⌄

HOME    RESOURCES    MYSELF                *Search*                🔍

## My Timecard ❓  ⤢

**EW**   Watterson, Eric J ➡

CSR – Customer Service Representative
Home Department : 000100 – General

| | Tax ID (SSN) | Position ID |
|---|---|---|
| | XXX-XX-0104 | R47001258 |

| Range of Dates | ⌄ | 7/21/2018 | 📅 | 8/3/2018 | 📅 | 🔍 FIND |
|---|---|---|---|---|---|---|

| Timecard | Totals | Schedule | Time Off Balances |
|---|---|---|---|

| | **WEEK 1** | IN - OUT | | PAY CODE | HOURS | DEPARTMENT | DAILY |
|---|---|---|---|---|---|---|---|
| Sat | 07/21 | - | | | 0.00 | | |
| Sun | 07/22 | - | | | 0.00 | | |
| Mon | 07/23 | 11:53 AM | - 04:00 PM | | 4.00 | 000100 | |
| | 07/23 | 05:00 PM | - 09:03 PM | | 4.00 | 000100 | |
| Tue | 07/24 | 11:54 AM | - 04:02 PM | | 4.00 | 000100 | |
| | 07/24 | 04:53 PM | - 09:01 PM | | 4.00 | 000100 | |
| Wed | 07/25 | 11:54 AM | - 04:01 PM | | 4.00 | 000100 | |
| | 07/25 | 04:56 PM | - 09:03 PM | | 4.00 | 000100 | |
| Thu | 07/26 | 11:55 AM | - 04:03 PM | | 4.00 | 000100 | |
| | 07/26 | 04:56 PM | - 09:06 PM | | 4.00 | 000100 | |
| Fri | 07/27 | 11:53 AM | - 03:03 PM | | 3.00 | 000100 | |
| | 07/27 | 03:58 PM | - 09:03 PM | | 5.00 | 000100 | |
| | | | | | **WEEK 1 TOTALS** | | |
| | **WEEK 2** | IN - OUT | | PAY CODE | HOURS | DEPARTMENT | DAILY |
| Sat | 07/28 | 06:54 AM | - 10:59 AM | | 4.00 | 000100 | |
| | 07/28 | 11:57 AM | - 04:02 PM | | 4.00 | 000100 | |
| Sun | 07/29 | - | | | 0.00 | | |
| Mon | 07/30 | 08:55 AM | - 01:01 PM | | 4.00 | 000100 | |
| | 07/30 | 01:29 PM | - 04:31 PM | | 3.00 | 000100 | |
| | 07/30 | 05:00 PM | - 09:02 PM | | 4.00 | 000100 | |

Case 2:20-cv-01783-SJF-AKT   Document 1   Filed 04/13/20   Page 30 of 30 PageID #: 30

| Tue | 07/31 | 11:54 AM | - | 04:00 PM | 4.00 | 000100 |
|-----|-------|----------|---|----------|------|--------|
|     | 07/31 | 04:58 PM | - | 09:02 PM | 4.00 | 000100 |
| Wed | 08/01 | 11:55 AM | - | 04:00 PM | 4.00 | 000100 |
|     | 08/01 | 04:57 PM | - | 09:01 PM | 4.00 | 000100 |
| Thu | 08/02 | 11:53 AM | - | 04:00 PM | 4.00 | 000100 |
|     | 08/02 | 04:54 PM | - | 09:02 PM | 4.00 | 000100 |
| Fri | 08/03 | 11:53 AM | - | 04:00 PM | 4.00 | 000100 |
|     | 08/03 | 05:00 PM | - | 09:01 PM | 4.00 | 000100 |

**WEEK 2 TOTALS**

▶

**Pay Period** (91.00)      **Week 1** (40.00)      **Week 2** (51.00)

🖫 SAVE            REFRESH                                    PREFERENCES  ⌄      Legend

⎘ Privacy      Legal    ⎘ Requirements        Product Feedback      About      Copyright © 2018, ADP, LLC ALL RIGHTS RESERVED